**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000356**
**26-NOV-2021**
**08:05 AM**
**Dkt. 52 SO**

NO. CAAP-19-0000356

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

YURIE YAMANO, Plaintiff-Appellant v.
JAMES J. NAVAJA, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CU NO. 18-1-6007)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Nakasone and McCullen, JJ.)

In this case involving a civil union divorce
proceeding, self-represented Plaintiff-Appellant Yurie Yamano
(**Yamano**) appeals from the April 17, 2019 "Order Denying
[Yamano's] Motion For Entry of Default and the Non-Compliance
with Family Court, Etc." (**Order Denying Default**) entered by the
Family Court of the First Circuit (**Family Court**).[1]

On appeal, Yamano asserts the following points of
error: (1) the court clerk lied to the Family Court about calling
Yamano and Edmund Abordo (**Abordo**)[2] for the April 17, 2019
hearing; (2) Defendant-Appellee James J. Navaja (**Navaja**)[3] went

---

[1] The Honorable Mei Nakamoto presided.

[2] Yamano's Complaint listed Abordo as next friend for Yamano. However,
Yamano appears to have signed and filed all of her pleadings in the Family
Court and is the only party in this appeal.

[3] On October 25, 2021, Yamano filed a "Motion to Enforce HRAP Rule 30
et seq." (**10/25/21 Motion**) requesting that we grant all the relief in the
(continued...)

judge shopping for a judge sympathetic to his case and withheld evidence of judge shopping by failing to provide Yamano with a copy of the ex parte letter to Judge Ching dated March 15, 2019 (**3/15/2019 ex parte letter**); (3) the Family Court erred by ruling on matters after this appeal was filed; and (4) the Family Court erred by not asking Navaja to submit a motion under Hawai'i Family Court Rules (**HFCR**) Rule 55(c) to set aside the default.

We resolve Yamano's points of error as set forth below and affirm.[4]

On November 13, 2018, Yamano filed a "Complaint for Civil Union Divorce" (**Complaint**) in the Family Court against Navaja. On December 19, 2018, Yamano filed "Affidavit of Plaintiff (for Uncontested Civil Union Divorce)" requesting default against Navaja because more than twenty days had passed since service of the Complaint and Navaja failed to file a responsive pleading. On December 31, 2018, the Family Court entered a "Civil Union Divorce Decree" (**Divorce Decree**).[5]

On March 6, 2019, Navaja filed a "Motion to Set Aside [Divorce Decree] and Motion to Dismiss" (**Motion to Set Aside**) which was based on, _inter alia_, HFCR Rule 60(b). Two days later, on March 8, 2019, Yamano filed a "Motion for Entry of Default and

---

[3](...continued)
divorce complaint because Navaja did not file an answering brief in this appeal. However, failure of an appellee to file an answering brief does not mandate reversal on appeal; rather, "[o]n appeal, appellants are required to convince the appellate tribunal that a reversible error occurred in prior proceedings." Omerod v. Heirs of Kaheananui, 116 Hawai'i 239, 268-69, 172 P.3d 983, 1012-13 (2007); see also Costa v. Sunn, 5 Haw. App. 419, 430, 697 P.2d 43, 50-51 (1985). Yamano's 10/25/21 Motion is denied.

[4] Yamano's opening brief does not comply with the requirements of Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28 and does not contain any record references as required by HRAP Rule 28(b)(3). Yamano also appended an exhibit not in the record on appeal, thus violating HRAP Rule 28(b)(10). However, the Hawai'i Supreme Court instructs that pleadings prepared by self-represented litigants should be interpreted liberally, and self-represented litigants should not be automatically foreclosed from appellate review because they fail to comply with court rules. Erum v. Lleco, 147 Hawai'i 368, 380-81, 465 P.3d 815, 827-28 (2020). Therefore, we address Yamano's points and arguments to the extent we are able.

[5] The Honorable Gale L.F. Ching presided over the initial proceedings and entered the Divorce Decree.

the Non-Compliance with [HFCR] Rule 55(c)[ ]Default Judgment" **(Motion for Default)**.  In the Motion for Default, Yamano sought sanctions against Navaja's counsel and default against Navaja arguing, *inter alia*, that Navaja failed to file a motion pursuant to HFCR Rule 55(c) to set aside the entry of default for the Divorce Decree.

On April 17, 2019, the Family Court entered the Order Denying Default.  Yamano then appealed from the Order Denying Default.

(1)  Yamano contends the Family Court clerk lied about calling Yamano and Abordo three times for a hearing on April 17, 2019, because Yamano asserts she never received a telephone call from the Family Court clerk on that date.  This appears to be in reference to the Family court's minutes for a hearing on April 17, 2019.

Yamano's contentions lack merit.  The Family court's minutes from April 17, 2019, state in pertinent part:

> Three calls were made for [Yamano] at 9:01 a.m. and 10:55 a.m. on the second floor of the Ronald T.Y. Moon Judiciary Complex with no response, nor phone calls. Three calls were made for [Abordo] (next friend of Yurie Yamano) at 11:16 a.m. on the second floor of the Ronald T.Y. Moon Judiciary Complex with no response, nor phone calls.

Based on the Family Court minutes, the calls were not phone calls but rather calls for Yamano and Abordo's presence at the courthouse.  Yamano does not dispute that she and/or Abordo were not present for the hearing on April 17, 2019.

(2)  Yamano contends Navaja engaged in "judge shopping" by sending a 3/15/19 letter to Judge Ching without providing a copy to Yamano.  Yamano asserts the contents of the letter are unknown and thus the only inference is that Navaja asked Judge Ching to "step down" from this case.  However, the record shows the Family Court filed the 3/15/19 letter on April 23, 2019, and the letter was a request by Navaja's counsel for Navaja to be

allowed to appear by telephone for the April 17, 2019 hearing.[6] Yamano's argument that Navaja sought to judge shop in the 3/15/19 letter is without merit.

(3)  Yamano argues the Family Court erred in ruling on matters after this appeal was filed because the Family Court lacked jurisdiction once the appeal was filed.  In this regard, Yamano contends that "several motions by the defendant's counsel, was [sic] filed and granted[.]"  However, this appeal is limited to the Order Denying Default and does not encompass review of any of the subsequent orders for which Yamano contends the Family Court lacked jurisdiction.

For purposes of this appeal, Yamano does not contest the Family Court's jurisdiction to issue the Order Denying Default on April 17, 2019.  Previously, on December 31, 2018, the Family Court had issued the Divorce Decree.  Thus, Yamano's subsequent Motion for Default, filed on March 8, 2019, was a post-judgment motion.  The Order Denying Default resolved that post-judgment motion and could thus be appealed.  Because this appeal does not address any subsequent orders issued by the Family Court, we do not address those orders.

(4)  Finally, Yamano argues the Family Court erred by not asking Navaja to submit a motion under HFCR Rule 55(c) to set aside the default judgment entered by the Divorce Decree.

> Generally, the family court possesses wide discretion in making its decisions and those decision will not be set aside unless there is a manifest abuse of discretion. Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (citation omitted).

HFCR Rule 55(c) provides, "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance

---

[6]  The letter reflects a "cc" to Yamano.

with Rule 60(b) of these rules."  Navaja asserted pursuant to, *inter alia*, HFCR Rule 60(b) that default against him was improper because he was not properly served with the Complaint.  The Family Court did not err in rejecting Yamano's argument in her Motion for Default that Navaja was required to bring his motion under HFCR Rule 55(c).  We conclude the Family Court did not err.

For the foregoing reasons, the "Order Denying [Yamano's] Motion For Entry of Default and the Non-Compliance with Family Court, Etc." entered on April 17, 2019, by the Family Court, is affirmed.

DATED:  Honolulu, Hawaiʻi, November 26, 2021.

On the briefs:

Yurie Yamano,
Self-Represented
Plaintiff-Appellant.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge